ORIGINAL

1   Edward V. Anderson (SBN 83148)
    SIDLEY AUSTIN LLP
2   1801 Page Mill Road, Suite 110
    Palo Alto, California 94304
3   (650) 565-7000
    (650) 565-7100 (Fax)
4   evanderson@sidley.com

5   David T. Pritikin (*pro hac vice* to be filed)
    William H. Baumgartner, Jr. (*pro hac vice* to be filed)
6   SIDLEY AUSTIN LLP
    One South Dearborn
7   Chicago, Illinois 60603
    (312) 853-7000
8   (312) 853-7036 (Fax)
    dpritikin@sidley.com
9   wbaumgartner@sidley.com

10  Todd L. Krause (*pro hac vice* to be filed)
    SIDLEY AUSTIN LLP
11  787 Seventh Avenue
    New York, New York 10019
12  (212) 839-5300
    (212) 839-5599 (Fax)
13  tkrause@sidley.com

14  *Attorney for Plaintiffs*
    *Schering Corporation and*
15  *MSP Singapore Company LLC.*

FILED
AUG 2 0 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

16          **UNITED STATES DISTRICT COURT**

17        **NORTHERN DISTRICT OF CALIFORNIA**

18                                    RS

    CV 10          3719

19  SCHERING CORPORATION,              )   Case No.
    and MSP SINGAPORE COMPANY LLC,     )
20                                     )   **COMPLAINT FOR PATENT**
              Plaintiffs,              )   **INFRINGEMENT**
21                                     )
          vs.                          )
22                                     )
    IMPAX LABORATORIES, INC.           )
23                                     )
              Defendant.               )
24  _____  )

25

26      Plaintiffs Schering Corporation and MSP Singapore Company, LLC (collectively,

27  "Plaintiffs"), by their attorneys, hereby allege as follows:

28

_____
                    COMPLAINT FOR PATENT INFRINGEMENT

1

## NATURE OF THE ACTION

2      1.      This is an action for patent infringement under the patent laws of the United States,

3  Title 35, United States Code, that arises out of the filing by Defendant Impax Laboratories, Inc. of

4  Abbreviated New Drug Application ("ANDA") No. 201-890 with the U.S. Food and Drug

5  Administration ("FDA") seeking approval to manufacture and sell a generic version of Vytorin®

6  prior to the expiration of U.S. Patent Nos. RE37,721 and 5,846,966.

7

## PARTIES

8      2.      Plaintiff Schering Corporation is a corporation organized and existing under the

9  laws of the State of New Jersey, with its principal place of business at 2000 Galloping Hill Road,

10  Kenilworth, New Jersey 07033.

11      3.      Plaintiff MSP Singapore Company LLC is a company organized and existing under

12  the laws of the State of Delaware, with a place of business at 2000 Galloping Hill Road,

13  Kenilworth, New Jersey 07033.

14      4.      Schering Corporation and MSP Singapore Company LLC are both owned, directly

15  or indirectly, by Merck & Co., Inc.

16      5.      On information and belief, Defendant Impax Laboratories, Inc. ("Impax") is a

17  corporation organized under the laws of the State of Delaware, having its principal place of

18  business at 30831 Huntwood Avenue, Hayward, California 94544, and having its primary

19  commercial center at 3735 Castor Avenue, Philadelphia, Pennsylvania 19124.  On information and

20  belief, Impax is in the business of, among other things, manufacturing and selling generic copies of

21  branded pharmaceutical products.

22

## JURISDICTION AND VENUE

23      6.      This is an action for patent infringement, arising under 35 U.S.C. § 1 et seq.

24  generally, and 35 U.S.C. § 271(e)(2) specifically.

25      7.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C.

26  §§ 1331, 1338(a), 2201, and 2202.

27      8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

28

COMPLAINT FOR PATENT INFRINGEMENT

1    9.    This Court has personal jurisdiction over Impax based on information and belief that

2    Impax's principle place of business is within this judicial jurisdiction, and it has regular and

3    systematic business contacts within this judicial jurisdiction.

4    **INTRADISTRICT ASSIGNMENT**

5    10.    This patent action is in an excepted category for Local Rule 3-2(c), Assignment to a

6    Division, and will be assigned on a district wide basis.

7    **BACKGROUND**

8    11.    Vytorin® contains ezetimibe, a cholesterol absorption inhibitor and simvastatin (a

9    HMG-CoA reductase inhibitor (statin)).  According to its approved label, Vytorin® "is indicated

10   for the reduction of elevated total choelsterol (total-C), low-density lipoprotein cholesterol (LDL-

11   C), apolipoprotein B (Apo B), triglycerides (TG), and non-high density lipoprotein cholesterol

12   (non-HDL-C), and to increase high density lipoprotein cholesterol (HDL-C) in patients with

13   primary (heterozygous familial and non-familial) hyperlipidemia or mixed hyperlipidemia."

14   Vytorin® is also "indicated for the reduction of elevated total-C and LDL-C in patients with

15   homozygous familial hypercholesterolemia, as an adjunct to other lipid-lowering treatments (e.g.,

16   LDL apheresis) or if such treatments are unavailable."

17   12.    Plaintiffs sell Vytorin® in the United States pursuant to a New Drug Application

18   that has been approved by the FDA.

19   **THE PATENTS-IN-SUIT**

20   13.    On May 28, 2002, the United States Patent and Trademark Office issued U.S. Patent

21   No. RE37,721 (the " '721 Patent") to Schering Corporation.  A true and correct copy of the '721

22   Patent is attached hereto as **Exhibit A**.

23   14.    On June 9, 2010, Schering Corporation filed a reissue patent application for the

24   '721 Patent (the "reissue application").  A true and correct copy of the reissue application is

25   attached hereto as **Exhibit B**.

26   15.    On December 8, 1998, the United States Patent and Trademark Office issued U.S.

27   Patent No. 5,846,966 (the " '966 Patent") to Schering Corporation.  A true and correct copy of

28

COMPLAINT FOR PATENT INFRINGEMENT

1   the '966 Patent is attached hereto as **Exhibit C**.

2   **VYTORIN®**

3      16.    Schering Corporation is the assignee of the '721 Patent.  MSP Singapore

4 Company LLC is the exclusive licensee of Schering Corporation for the product Vytorin®, the

5 drug covered by FDA-approved New Drug Application ("NDA") No. 21-687.  One of the active

6 ingredients in Vytorin® is ezetimibe, which is an embodiment of the '721 Patent claims.

7      17.    Plaintiffs own all rights, title and interest in the '721 Patent, including all rights

8 needed to bring this action in Plaintiffs' own names.

9      18.    Vytorin® is covered by one or more claims of the '721 Patent, and the '721

10 Patent has been listed in connection with Vytorin® in the FDA's publication, *Approved Drug*

11 *Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book,"

12 as a patent "with respect to which a claim of patent infringement could reasonably be asserted if

13 a person not licensed by the owner engaged in the manufacture, use, or sale of the drug"

14 Vytorin®.

15      19.    Schering Corporation is the assignee of the '966 Patent.  MSP Singapore

16 Company LLC is the exclusive licensee of Schering Corporation for the product Vytorin®, the

17 drug covered by FDA-approved NDA No. 21-687.  The active ingredients in Vytorin® are a

18 combination of simvastatin and ezetimibe, and this combination is an embodiment of the '966

19 Patent claims.

20      20.    Plaintiffs own all rights, title and interest in the '966 Patent, including all rights

21 needed to bring this action in Plaintiffs' own names.

22      21.    Vytorin® is covered by one or more claims of the '966 Patent, and the '966

23 Patent has been listed in connection with Vytorin® in the FDA's publication, *Approved Drug*

24 *Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book,"

25 as a patent "with respect to which a claim of patent infringement could reasonably be asserted if

26 a person not licensed by the owner engaged in the manufacture, use, or sale of the drug"

27 Vytorin®.

28

COMPLAINT FOR PATENT INFRINGEMENT

## IMPAX'S ANDA PRODUCT

22.     By letter dated July 8, 2010 (the "Notice Letter"), Impax notified Plaintiffs that it had submitted to the FDA ANDA No. 201-890, for Impax's ezetimibe/simvastatin tablets, ("Impax's ANDA Product") a drug product that is a generic version of Vytorin®.  The purpose of the submission of the ANDA was to obtain permission under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of Impax's ANDA Product prior to the expiration of the '721 and '966 Patents.  Plaintiffs received the Notice Letter on or about July 9, 2010.

23.     This action is being commenced before the expiration of forty-five days from the date of the Notice Letter.

24.     In the Notice Letter, Impax also notified Plaintiffs that, as a part of its ANDA, Impax had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '721 and '966 Patents.  Upon information and belief, Impax submitted ANDA No. 201-890 to the FDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '721 and '966 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, or sale of Impax's ANDA Product.

25.     The use of Impax's ANDA Product is covered by one or more claims in the '721 and '966 Patents.

26.     Impax had knowledge of the '721 and '966 Patents when it submitted ANDA No. 201-890.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '721 PATENT)

27.     Plaintiffs incorporate each of the preceding paragraphs 1-26 as if fully stated herein.

28.     Impax's filing of ANDA No. 201-890 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Impax's ANDA

COMPLAINT FOR PATENT INFRINGEMENT

1    Product in the United States before the expiration date of the '721 Patent is, under 35 U.S.C. §

2    271(e)(2), an act of infringement of the '721 Patent.

3           29.    The commercial manufacture, use, offer for sale, sale, marketing, distributing,

4    and/or importation of Impax's ANDA Product in the United States during the term of the '721

5    Patent would further infringe one or more claims in the '721 Patent.

6           30.    Upon information and belief, the use of Impax's ANDA Product in the United

7    States in accordance with and as directed by Impax's proposed labeling for that product would

8    infringe one or more claims in the '721 Patent.

9           31.    On information and belief, unless enjoined by this Court, Impax intends to engage

10   in the manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of

11   Impax's ANDA Product in the United States with its proposed labeling immediately and

12   imminently upon approval of ANDA No. 201-890.

13          32.    On information and belief, unless enjoined by this Court, Impax plans and intends

14   to, and will, actively induce infringement of the '721 Patent when its ANDA No. 201-890 is

15   approved, and plans and intends to, and will do so immediately and imminently upon approval.

16          33.    On information and belief, Impax knows that Impax's ANDA Product and its

17   proposed labeling are especially made or adapted for use in infringing the '721 Patent, and that

18   Impax's ANDA Product and its proposed labeling are not suitable for substantial noninfringing

19   use.  On information and belief, unless enjoined by this Court, Impax plans and intends to, and

20   will, contribute to the infringement of the '721 Patent immediately and imminently upon

21   approval of ANDA No. 201-890.

22          34.    The foregoing actions by Impax constitute and/or will constitute infringement of

23   the '721 Patent under 35 U.S.C. § 271(a), active inducement of infringement of the '721 Patent

24   under 35 U.S.C. §271(b), and/or contribution to the infringement by others of the '721 Patent

25   under 35 U.S.C. § 271(c).

26          35.    On information and belief, Impax acted without a reasonable basis for believing

27   that it would not be liable for infringing the '721 Patent, actively inducing infringement of the

28

COMPLAINT FOR PATENT INFRINGEMENT

1  '721 Patent, and/or contributing to the infringement by others of the '721 Patent.

2      36.    Unless Impax is enjoined from infringing the '721 Patent, actively inducing

3  infringement of the '721 Patent, and/or contributing to the infringement of the '721 Patent,

4  Plaintiffs will suffer irreparable injury.

5      37.    Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including,

6  *inter alia*, an order of this Court that the FDA set the effective date of approval for Impax

7  Pharmaceuticals' ANDA to be a date which is not earlier than April 25, 2017, the expiration date

8  of the '721 Patent.

9      38.    Plaintiffs do not have an adequate remedy at law.

10                     **SECOND CAUSE OF ACTION**
11              **(INFRINGEMENT OF THE '966 PATENT)**

12      39.    Plaintiffs incorporate each of the preceding paragraphs 1-26 as if fully stated

13  herein.

14      40.    Impax's filing of ANDA No. 201-890 for the purpose of obtaining approval to

15  engage in the commercial manufacture, use, offer for sale, and/or sale of Impax's ANDA

16  Product in the United States before the expiration date of the '966 Patent is, under 35 U.S.C. §

17  271(e)(2), an act of infringement of the '966 Patent.

18      41.    The commercial manufacture, use, offer for sale, sale, marketing, distributing,

19  and/or importation of Impax's ANDA Product in the United States during the term of the '966

20  Patent would further infringe one or more claims in the '966 Patent.

21      42.    Upon information and belief, the use of Impax's ANDA Product in the United

22  States in accordance with and as directed by Impax's proposed labeling for that product would

23  infringe one or more claims in the '966 Patent.

24      43.    On information and belief, unless enjoined by this Court, Impax intends to engage

25  in the manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of

26  Impax's ANDA Product in the United States with its proposed labeling immediately and

27  imminently upon approval of ANDA No. 201-890.

28

COMPLAINT FOR PATENT INFRINGEMENT

44.     On information and belief, unless enjoined by this Court, Impax plans and intends to, and will, actively induce infringement of the '966 Patent when its ANDA No. 201-890 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

45.     On information and belief, Impax knows that Impax's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '966 Patent, and that Impax's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, unless enjoined by this Court, Impax plans and intends to, and will, contribute to the infringement of the '966 Patent immediately and imminently upon approval of ANDA No. 201-890.

46.     The foregoing actions by Impax constitute and/or will constitute infringement of the '966 Patent under 35 U.S.C. §271(a), active inducement of infringement of the '966 Patent under 35 U.S.C. §271(b), and/or contribution to the infringement by others of the '966 Patent under 35 U.S.C. §271(c).

47.     On information and belief, Impax acted without a reasonable basis for believing that it would not be liable for infringing the '966 Patent, actively inducing infringement of the '966 Patent, and/or contributing to the infringement by others of the '966 Patent.

48.     Unless Impax is enjoined from infringing the '966 Patent, actively inducing infringement of the '966 Patent, and/or contributing to the infringement of the '966 Patent, Plaintiffs will suffer irreparable injury.

49.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Impax Pharmaceuticals' ANDA to be a date which is not earlier than March 21, 2014, the expiration date of the '966 Patent.

50.     Plaintiffs do not have an adequate remedy at law.

COMPLAINT FOR PATENT INFRINGEMENT

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court grant the following relief:

      A.    A declaration that the '721 and '966 Patents are valid and enforceable.

      B.    A judgment that the '721 and '966 Patents would be infringed by Impax's ANDA Product; that submission of ANDA No. 201-890 was an act of infringement of the '721 and '966 Patents; and that Impax's making, using, offering to sell, selling, marketing, distributing, or importing Impax's ANDA Product, or any product or compound that infringes the '721 and '966 Patents, prior to the expiration dates of the '721 and '966 Patents, would infringe, actively induce infringement, and/or contribute to the infringement of the '721 and '966 Patents.

      C.    An Order pursuant to 35 U.S.C. § 271(e)(4) providing that the effective date of any FDA approval of Impax's ANDA No. 201-890, or any product or compound that infringes the '721 and '966 Patents, shall be a date which is not earlier than April 25, 2017, the expiration date of the '721 Patent (the '966 Patent expires on March 21, 2014);

      D.    An Order permanently enjoining Impax, and its affiliates and subsidiaries, and each of their officers, agents, servants and employees, from making, using, offering to sell, selling, marketing, distributing, or importing Impax's ANDA Product, or any other product or compound, not colorably different, that infringes the '721 and '966 Patents, or inducing or contributing to the infringement of the '721 and '966 Patents until after the expiration of the '721 and '966 Patents;

      E.    Damages or other monetary relief, including prejudgment interest, if Impax engages in the commercial manufacture, use, offer to sell, sale, marketing, distribution, or importation of Impax's ANDA Product, or any product or compound that infringes the '721 and '966 Patents, or the inducement or contribution of the foregoing, prior to the expiration of the '721 and '966 Patents.

      F.    A declaration that this is an exceptional case and an award of attorneys'

COMPLAINT FOR PATENT INFRINGEMENT

1   fees to Plaintiffs pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

2         G.    Plaintiffs' reasonable costs of suit incurred; and

3         H.    Such other and further relief as this Court may deem just and proper.

4

5   Dated: August 20, 2010                **SIDLEY AUSTIN LLP**

6

7                          By: _Edward V. Anderson (VAB)_
                             Edward V. Anderson

8                        *Attorneys for* Plaintiffs *Schering Corporation*
9                        *and MSP Singapore Company LLC.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT